**BRIGETTE E. FOLEY, ESQ.**
Nevada Bar No. 12965
**WOLFE & WYMAN LLP**
6757 Spencer St.
Las Vegas, NV 89119
Tel: (702) 476-0100
Fax: (702) 476-0101
bfoley@wolfewyman.com

*Attorneys for Plaintiff*
DITECH FINANCIAL LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY GUTZMER; LARA WILLIAMS,<br><br>    Defendants. | Case No.:    2:16-cv-2392-RFB-CWH<br><br>**STIPULATION AND ORDER TO STAY LITITGATION** |

COME NOW Plaintiff, DITECH FINANCIAL LLC ("Ditech"), and Defendants JERRY GUTZMER ("Gutzmer") and LARA WILLIAMS ("Williams"), by and through their counsel of record, and hereby stipulate and agree as follows:

**RELEVANT FACTS & PROCEDURAL HISTORY**

WHEREAS the instant action concerns quiet title and declaratory relief claims regarding real property, commonly known as 737 Oakmont Avenue, Unit 1208, Las Vegas, NV 89109, following an HOA Foreclosure Sale that occurred on November 8, 2013;

WHEREAS one of the legal issues to be addressed in the instant action is whether the HOA is required to comply with the notice requirements, as stated in NRS 116.31162 through NRS 116.31168 (prior to the October 1, 2015 amendments), and NRS 107.020.

///

1

3011387.1

WHEREAS on April 21, 2017, the U.S. District Court for the District of Nevada issued an Order in *The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-025610-RFB-PAL, certifying the following question to the Nevada Supreme Court:

> Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on Oct 1, 2015[.]

("Certified Question")

WHEREAS on June 13, 2017, the Nevada Supreme Court accepted the above Certified Question, and directed the interested parties to submit briefing on the same, for its consideration. *See* Order Accepting Certified Question, *SFR Investments Pool 1, LLC, et al. v. The Bank of New York Mellon*, Case No. 72931, Docket Entry No. 17-9448 (June 12, 2017).

WHEREAS all briefing on the Certified Question has been completed, and the matter was submitted for decision to the Nevada Supreme Court on March 21, 2018. *See* Order Submitting for Decision Without Oral Argument, *SFR Investments Pool 1, LLC, et al. v. The Bank of New York Mellon*, Case No. 72931, Docket Entry No. 18-10980 (March 21, 2018).

**LEGAL ARUGMENT IN SUPPORT OF STAY**

To determine if a stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Here, the factors support a continued stay of litigation.

a. Damage from Stay: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be disposed of by

3011387.1

a decision in the above-referenced certiorari proceedings.

  b.  Hardship or Inequity: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for the parties to have finality. Any hardship would be equal in terms of resources expended without a stay. A stay prevents this expenditure for all parties.

  c.  Orderly Course of Justice: At the center of this case is an association foreclosure sale under NRS Chapter 116. Accordingly, the Nevada Supreme Court's decision on the Certified Question will undoubtedly impact the determination of a key legal issue in the instant action. Without a stay, the parties will expend resources that will be unnecessary if the petition is granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case.

## STIPULATIONS

Based upon the foregoing, and for good cause,

IT IS HEREBY STIPULATED AND AGREED that staying this case pending decisions from the Nevada Supreme Court on the Certified Question will enable the parties to present arguments and evidence to this Court at an appropriate time and with complete legal authority, thereby promoting the most efficient use of the Court's and the parties' limited resources. Staying the case pending decisions from the Nevada Supreme Court on the Certified Question will also enable the parties to continue with ongoing settlement discussions.

IT IS FURTHER STIPULATED AND AGREED that Gutzmer and Williams shall maintain the property at issue in its current condition and shall be required to keep current on all property taxes and assessments, HOA dues, to maintain the property and to maintain insurance on the property at issue. Gutzmer and Williams shall also be required to provide proof of payment and insurance upon reasonable notice to counsel for Ditech.

3

3011387.1

|   |   |
|---|---|
| 1 | IT IS FURTHER STIPULATED AND AGREED that Gutzmer and Williams |
| 2 | shall be prohibited from selling or encumbering the property, unless otherwise ordered |
| 3 | by the Court. |
| 4 | IT IS FURTHER STIPULATED AND AGREED that no foreclosure sale of the |

IT IS FURTHER STIPULATED AND AGREED that Gutzmer and Williams shall be prohibited from selling or encumbering the property, unless otherwise ordered by the Court.

IT IS FURTHER STIPULATED AND AGREED that no foreclosure sale of the property shall be conducted under the Deed of Trust recorded with the Clark County Recorder's Office on December 20, 2005, as Instrument No. 20051220-0001393, unless otherwise ordered by the Court.

IT IS FURTHER STIPULATED AND AGREED that any party may file a written motion to lift stay at any time if either party determines it is appropriate, and either party may file a written opposition to a motion to lift stay within fourteen (14) calendar days after the written motion to lift stay is filed with this Court.

IT IS FURTHER STIPULATED AND AGREED that all proceedings in this lawsuit are hereby STAYED, and all deadlines, hearings and conferences shall be VACATED upon entry of the Order staying the instant action. However, this stay does not impact the parties' ability to engage in settlement discussions, as well as any discovery and investigation to which the parties stipulate and agree to be conducted while the stay is in place.

IT IS SO STIPULATED.

Dated April 6, 2018.

/s/ *Brigette E. Foley*
BRIGETTE E. FOLEY, ESQ.
Nevada Bar No. 12965
WOLFE & WYMAN LLP
6757 Spencer Street
Las Vegas, NV 89119
Email: befoley@wolfewyman.com
*Attorneys for Plaintiff* DITECH
FINANCIAL LLC

/s/ *Allison R. Schmidt*
LUIS A. AYON, ESQ.
Nevada Bar No. 9752
ALLISON R. SCHMIDT, ESQ.
Nevada Bar No. 10743
AYON LAW, PLLC
9205 West Russell Road
Building 3, Suite 240
Las Vegas, NV 89148
Email: laa@ayonlaw.com
*Attorneys for Defendants* JERRY GUTZMER and LARA WILLIAMS

3011387.1

# ORDER

Pursuant to the Stipulation of the parties, as stated above, and for good cause appearing:

IT IS HEREBY ORDERED that this action shall be stayed, pending the Nevada Supreme Court's decision on the Certified Question presented in *SFR Investments Pool 1, LLC, et al. v. The Bank of New York Mellon*, Case No. 7293.

IT IS FURTHER ORDERED that all proceedings in this lawsuit are hereby STAYED, and all deadlines, hearings and conferences are hereby VACATED. However, this stay does not impact the parties' ability to engage in settlement discussions, as well as any discovery and investigation to which the parties stipulate and agree to be conducted while the stay is in place.

IT IS FURTHER ORDERED that Gutzmer and Williams shall maintain the property at issue in its current condition, keep current on all property taxes and assessments, HOA dues, to maintain the property and to maintain insurance on the property at issue, and shall also be required to provide proof of payment and insurance upon reasonable notice to counsel for Ditech.

IT IS FURTHER ORDERED that Gutzmer and Williams shall be prohibited from selling or encumbering the property, and that no foreclosure sale of the property shall be conducted under the Deed of Trust recorded with the Clark County Recorder's Office on December 20, 2005, as Instrument No. 20051220-0001393, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that upon dissolution of this stay, the parties shall meet and confer, and submit a status report, including any additional relief requested from the Court.

Dated: April 10, 2018    IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

5

3011387.1